**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALI PARSAFARD,

    Petitioner,

v.

                                   Case No. 26-cv-00501-MIS-KRS

ATTORNEY GENERAL OF THE UNITED
STATES;    MARKWAYNE    MULLIN,
Secretary, U.S. Department of Homeland
Security; TODD LYONS, Acting Director of
Immigration and Customs Enforcement; EL
PASO FIELD OFFICE DIRECTOR, U.S.
Immigration and Customs Enforcement; and
WARDEN, Otero County Processing Center,

    Respondents.

## ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Ali Parsafard's pro se Amended Petition

for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 5, filed February 20,

2026. The federal Respondents filed a Response on April 14, 2026 ("Response"),[1] ECF No. 12,

to which Petitioner filed a Reply on April 20, 2026 ("Reply"), ECF No. 13. On August 3, 2026,

the Court ordered Respondents to file a supplemental response, ECF No. 26, which Respondents

filed the same day, ECF No. 27. Upon review of the Parties' submissions, the record, and the

relevant law, the Court will **GRANT** the Petition.

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing
Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-
mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the
Warden did not respond to the Petition.

## I.    Relevant background

Petitioner is a citizen of Iran who entered the United States at or near San Ysidro, California on January 25, 2025 without inspection, and without being admitted or paroled.  See Notice to Appear at 1, ECF No. 16-1.  On January 30, 2025, Petitioner was charged as an alien present in the United States without admission or parole and removable under section 212 of the Immigration and Nationality Act ("INA"), placed in removal proceedings under Section 240 of the INA, and issued a Notice to Appear.  Id.

On June 22, 2025, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner in California during Operation Tidal Wave.  See Form I-213 at 2, ECF No. 16-3.  He has been in immigration detention ever since, and is currently detained at the Otero County Processing Center in Chaparral, New Mexico.  See Notice to EOIR: Alien Address, ECF No. 16-4.

On September 5, 2025, Petitioner received a custody redetermination hearing.  See Order of the Immigration Judge, Sep. 5, 2025, ECF No. 16-5.  The Immigration Judge denied Petitioner bond, finding that he lacked jurisdiction to grant Petitioner bond and, alternatively, finding that Petitioner was a flight risk.  Id. at 1.

On October 30, 2025, an Immigration Judge denied Petitioner's application for asylum, withholding of removal under the INA, withholding of removal under the Convention Against Torture ("CAT"), and deferral of removal under CAT, and ordered Petitioner removed to Iran. Order of the Immigration Judge, Oct. 30, 2025 ("Removal Order") at 1, ECF No. 16-6.  Petitioner appealed the Removal Order.  See EOIR Automated Case Info., ECF No. 16-7.  According to the Executive Office of Immigration Review's website, his appeal remains pending before the Board of Immigration Appeals ("BIA").

On March 9, 2026, Petitioner filed the instant Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in a case assigned to then-Chief United States District Judge William P. Johnson.  ECF No. 5.  Respondents filed a Response, ECF No. 12, to which Petitioner filed a Reply, ECF No. 13.  On July 31, 2026, the case was reassigned to the undersigned U.S. District Judge.  ECF No. 25.

On August 3, 2026, the Court ordered Respondents to file a supplemental response to the Amended Petition addressing whether: (1) the Tenth Circuit's opinion in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief; and (2) this Court's decisions in Mardanpour v. Warden, No. 2:26-cv-00550, 2026 WL 963164 (D.N.M. Apr. 9, 2026) or Deborne v. Warden, Cibola County Correctional Center, No. 1:26-CV-01657, 2026 WL 1694566 (D.N.M. June 11, 2026), require relief.  ECF No. 26.  The same day, Respondents filed a Supplemental Response.  ECF No. 27 at 1-2.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)

(quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

**III.    Discussion**

Petitioner argues that his excessively prolonged detention—now exceeding thirteen months—is a violation of his Fifth Amendment due process rights.  Pet. at 3.  He seeks immediate release.  Id. at 10.

Respondents argue that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and, as such, his continued detention does not violate his due process rights.  Resp. at 7-10.  In their Supplemental Response, Respondents argue that Santillan Quiroz does not require relief because Petitioner has received a bond hearing.  ECF No. 27 at 1.  They further attempt to distinguish Mardanpour—a case materially analogous to this case, in which a citizen of Iran had been detained for fourteen months and could not be removed to Iran due to a withholding of removal under CAT—but acknowledge that

> this petitioner has been in custody longer than the fourteen months for Mr. Mardanpour,[2] and that diplomatic relations between the United States and the Islamic Republic of Iran are less than cordial at the moment. So while Mardanpour does not require relief here, Respondents do not disparage or presume to limit this Honorable Court's broad power to engage in fact-specific Fifth Amendment analysis in this case or any case before it[.]

Id. at 2.

Initially, the Court rejects Respondents' argument that Petitioner is subject to mandatory detention under Section 1225(b)(2)(A).  Pursuant to the Tenth Circuit's opinion in Santillan Quiroz, because Petitioner was detained in the interior of the United States, he is subject to Section

---

[2]    By the Court's calculation, Petitioner has been in immigration detention for just under fourteen months as of the date of this Order.

4

1226(a), and thus eligible for bond.  180 F.4th at 1237.  The Court will assume without deciding that the Immigration Judge's Order of September 5, 2025, was constitutionally adequate because he denied bond, in part, on a finding that Petitioner was a flight risk.  ECF No. 16-5 at 1.

However, the Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour, 2026 WL 963164, at *3-8, which the Court hereby adopts.  Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of over thirteen months, with no reasonably foreseeable end in sight,[3] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas,  533 U.S. at 699-701; Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden,

---

[3]    As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years."  2026 WL 963164, at *6.

As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026).  In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); <u>Pereira v. Ortiz</u>, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); <u>Mardanpour</u>, 2026 WL 963164, at *3-8; <u>Rasoli v. Mullin</u>, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); <u>Marquez v. Warden</u>, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); <u>Ahmadi v. De Anda-Ybarra</u>, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); <u>Harutyunyan v. Lyons</u>, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. <u>Munaf v. Geren</u>, 553 U.S. 674, 693 (2008); <u>see also</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Therefore, the Court finds that immediate conditional release is the appropriate remedy. <u>See</u> <u>Boumediene v. Bush</u>, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

IV.     **Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.      The Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 5, is **GRANTED**;

2.      Respondents are **ORDERED** to immediately release Petitioner Ali Parsafard from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;

3.      Respondents shall return all of Petitioner's seized belongings to Petitioner;

4.      Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal; and

5.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE